**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pasquale Venezia, | No. CIV 07-1511-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Bentley Motors, Inc., | |
| Defendant. | |

On May 13, 2008, the Court held a telephonic discovery dispute conference to address two issues. The first pertained to Plaintiff's request for documents associated with a recent repair to Plaintiff's vehicle. Plaintiff represented to the Court that this issue has been resolved. The second pertained to Plaintiff's Request for Production #4, which sought manuals, policies, and other materials provided by Defendant to its authorized dealerships regarding state and federal warranty laws or other procedures for vehicles subject to numerous or lengthy repairs ("Dealership Documents").

Plaintiff asserts that the Dealership Documents are discoverable because they will assist in determining the manufacturer-dealership relationship regarding warranty and repairs. Defendant asserts that the Dealership Documents are not discoverable because the actual communications regarding Plaintiff's vehicle between Defendant and its dealership have been produced. Defendant also asserts that, as briefed in its cross-motion for summary judgment, communications between dealerships and manufacturers have no bearing on the issue of notice and opportunity to cure. Both parties directed the Court's attention to their

memoranda of law submitted in support of their cross-motions for summary judgment on the issue of notice and opportunity to cure.

After reviewing the parties' memoranda of law, the Court finds that the cases cited therein do not definitively answer the present issue: whether the Dealership Documents should be produced.[1]  Plaintiff's claims allege violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and the Arizona "Lemon Law," A.R.S. § 44-1261 *et seq.*  The Arizona Lemon Law allows for a presumption that a "reasonable number of attempts" to cure a defect have been undertaken under certain circumstances.  A.R.S. § 44-1264(A).  That presumption does not apply against a manufacturer, "unless the manufacturer has received prior direct written notification *from or on behalf of the consumer* of the alleged defect and has had an opportunity to cure the alleged defect."  Id. at § 44-1264(C)(emphasis added).  An issue presented in this matter, and in this dispute, is whether a dealership may provide notice to the manufacturer "on behalf of the consumer."

None of the cases cited by Defendant involve the Arizona Lemon Law, nor do they involve statutes which contain the "from or on behalf of the consumer" language.  See Culberson v. Mercedes-Benz USA, LLC, 616 S.E.2d 865 (Ga. Ct. App. 2005); Radford v. Daimler Chrysler Corp., 168 F. Supp. 2d 751 (N.D. Ohio 2001);[2] Cato v. Sam. Suzuki Motor Corp., 622 N.W.2d 486 (Iowa 2001).  Therefore the Court cannot determine that the Dealership Documents have no bearing on the issue of notice and opportunity to cure.  Moreover, the Court is guided by the broad scope of discovery provided under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(b)(1).  The Dealership Documents appear "reasonably calculated to lead to the discovery of admissible evidence" that Defendant's

---

[1] The Court expresses no opinion at this time as to either party's cross-motion for summary judgment.

[2] Plaintiff's cross-motion for summary judgment provides the incorrect volume of the Federal Supplement for the Radford case.  The Court reminds the parties that correct citations are needed in order for the Court to consider the cases cited in reliance of the parties' propositions and arguments.

- 2 -

1  local dealership provided sufficient notice to Defendant on behalf of Plaintiff.  Id.; A.R.S.
2  § 44-1264(C).  Plaintiff's request will therefore be granted.  Whether these documents have
3  any evidentiary value will be left for another day.
4      Accordingly,
5      **IT IS HEREBY ORDERED** granting Plaintiff's request for production of the
6  Dealership Documents, as contained in Plaintiff's Request for Production # 4.
7      DATED this 13th day of May, 2008.

Stephen M. McNamee
United States District Judge