**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pasquale Venezia,<br><br>    Plaintiff,<br><br>vs.<br><br>Bentley Motors, Inc.,<br><br>    Defendant. | No. CV 07-1511-PHX-SMM<br><br>**ORDER** |

Before the Court are Defendant's Motion to Supplement the Affidavit of George Blake (Dkt. 59), and Plaintiff's Motion to Supplement Plaintiff's Statement of Facts (Dkt. 65). Both motions are opposed and ripe for ruling.

**BACKGROUND**

Plaintiff Pasquale Venezia ("Plaintiff") brings this action based on violation of the Arizona Motor Vehicle Warranties Act, A.R.S. § 44-1261 *et seq.* ("Arizona Lemon Law"), and the federal Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.* (Dkt. 1, Compl.) Plaintiff purchased a car from Defendant Bentley Motors, Inc. ("Defendant") and received a 3-year warranty for material and workmanship. (Id. ¶¶ 4-5.) Plaintiff alleges that defects and non-conformities in the vehicle, and inadequate repairs thereto, constitute a substantial impairment in the use and value of the vehicle. (Id. ¶ 26.) Plaintiff seeks a repurchase or a replacement vehicle, and diminution of value damages. (Id. ¶¶ 23-27.) The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a).

1  Early in this litigation, Plaintiff filed a motion for summary judgment on liability under
2  the Arizona Lemon Law. (Dkt. 28, Pl.'s Mot. for Summ. J.) Defendant responded in opposition
3  and filed a cross-motion for summary judgment contending that Plaintiff is not entitled to the
4  presumption set forth in the Arizona Lemon Law, A.R.S. § 44-1264. (Dkt. 36, Def.'s Cross-
5  Mot. for Summ. J.) Each party now seeks to supplement the evidence offered in support of their
6  motion for summary judgment, and each party opposes the other's respective effort to
7  supplement. (See Dkts. 59, 63; see also Dkts. 65, 75.)

## DISCUSSION

### A. Defendant's Motion to Supplement Affidavit of George Blake (Dkt. 59)

Defendant seeks to supplement the Affidavit of George Blake ("Blake Affidavit") submitted in support of its cross-motion for summary judgment, in order to clarify the foundation for his testimony and identify the documents to which it refers. (Dkt. 59, Def.'s Mot. to Supp.) The Blake Affidavit states the affiant's calculation of the total number of days that Plaintiff's vehicle was out of service by reason of repair, a statement that is relevant to issues presented under the Arizona Lemon Law. (See Dkt. 37, Def.'s Statement of Facts, Ex. 1.) The Blake Affidavit refers to repair records for Plaintiff's vehicle, but those repair records are not attached to the Blake Affidavit.

Defendant wishes to supplement the Blake Affidavit by attaching the repair records. (Def.'s Mot. to Supp. 2.) Defendant seeks the Court's direction on this issue because the repair records were allegedly provided as part of Plaintiff's evidence,[1] and the Local Rules prohibit the re-attachment of previously-filed exhibits. LRCiv 7.1(d)(2). Plaintiff opposes Defendant's motion, asserting that Defendant "should not be allowed to exploit Plaintiff's diligence" in previously identifying the Blake Affidavit's defects. Plaintiff further asserts that amendment would be futile because the Blake Affidavit is inadmissible hearsay and the supplement does not create a material issue of fact. (Dkt. 63, Pl.'s Resp.)

---

[1] Defendant does not cite the location in the record where Plaintiff provided the repair records, but Plaintiff does not dispute that the repair records were previously filed. (See Dkt. 63, Pl.'s Resp. to Def.'s Mot. to Supp.)

- 2 -

1  The Court will permit Defendant to supplement the Blake Affidavit and cure its technical 2 defect. The Federal Rules of Civil Procedure permit an affidavit to be supplemented. Fed. R. 3 Civ. P. 56(e)(1). Plaintiff's hearsay objection to the Blake Affidavit has already been presented 4 and will be considered in deciding the motions for summary judgment, and Plaintiff's remaining 5 contentions fail to persuade the Court that this curative step should not be permitted. 6 Defendant's motion to supplement will be granted. (Dkt. 59.)

## B.  Plaintiff's Motion to Supplement Statement of Facts (Dkt. 62)

Plaintiff requests permission to supplement his Statement of Facts with newly discovered evidence that was not available when the summary judgment motions and memoranda were filed. (Dkt. 62, Pl.'s Mot. to Supp. 1.) Plaintiff's motion to supplement also involves the recent repair records, along with internal documents and records relevant to the latest repairs.[2] Plaintiff asserts that these records will assist the Court in determining the summary judgment motions by providing a more complete record. (Id. at 2:27-28.) Defendant opposes Plaintiff's motion to supplement on the grounds that evidence of recent repairs is irrelevant. (Dkt. 75, Def.'s Resp. 1.)

Unlike Defendant's motion to supplement, Plaintiff's motion involves much more than a technical deficiency, and the net effect of supplementing Plaintiff's Statement of Facts would be significant. Plaintiff's memoranda logically do not refer to the recent repairs because the evidence was not available at the time of filing. Supplementing the Statement of Facts would therefore create one of three scenarios. First, the Court would be required to sift through the new facts and determine what effect, if any, they have on the parties' existing contentions; the Court declines to assume such a role. Thus the second scenario, in which supplementation is futile because the memoranda do not direct the Court's attention to the new evidence. This presents the third scenario, in which the docket report becomes entangled supplemental memoranda regarding the import of the supplemental facts.

---

[2] Defendant's internal documents had not been produced at the time Plaintiff filed his motion to supplement, but the Court later ordered production of those documents. (Dkt. 73, Order dated May 13, 2008.)

1  None of these resulting scenarios being desirable, Plaintiff's motion to supplement will be denied.  The Court notes that Plaintiff elected to file his motion for summary judgment early in the litigation process, without the benefit of subsequent discovery and resulting evidence. If Plaintiff believes the newly discovered evidence is essential to his motion for summary judgment, he may withdraw the existing motion for summary judgment and present all relevant evidence in a new motion for summary judgment.  However, such withdrawal will not affect Defendant's cross-motion for summary judgment, which would remain fully briefed and ripe for ruling.

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant's Motion to Supplement the Affidavit of George Blake (Dkt. 59).  Defendant shall supplement the Blake Affidavit by **Friday, May 30, 2008.**

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Supplement Plaintiff's Statement of Facts (Dkt. 65).  If Plaintiff wishes to withdraw his current motion for summary judgment (Dkt. 28), he must do so by **Friday, May 30, 2008.**  If Plaintiff does not do so, the Court will consider his motion for summary judgment ripe for ruling.

DATED this 23rd day of May, 2008.

Stephen M. McNamee
United States District Judge