**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pasquale Venezia,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Bentley Motors, Inc.,<br><br>　　　　Defendant. | No. CV 07-1511-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court are the parties' fourteen motions in limine. Defendant Bentley Motors, Inc. ("Bentley") has filed seven motions in limine (Dkts. 95, 96, 97, 98, 99, 100, and 101). Plaintiff Pasquale Venezia ("Plaintiff") has also filed seven motions in limine (Dkts. 107, 108, 109, 110, 111, 112, and 113). The Court held a Final Pretrial Conference on October 6, 2008, where it ruled on twelve of the fourteen motions in limine. The Court took two of the motions in limine under advisement, Plaintiff's Motion in Limine to Preclude Mention of Parties' Settlement Negotiations and Talks (Dkt. 108) and Plaintiff's Motion in Limine to Exclude Testimony by George Blake (Dkt. 113). Having taken the remaining motions under advisement, the Court finds as follows, and therefore will deny Plaintiff's Motion in Limine to Preclude Mention of Parties' Settlement Negotiations and Talks (Dkt. 108) and will grant Plaintiff's Motion in Limine to Exclude Testimony by George Blake (Dkt. 113).

**I. Plaintiff's Motion in Limine to Preclude Mention of Parties' Settlement Negotiations and Talks (Dkt. 108)**

1  The Court finds that the communications exchanged between the parties regarding an erroneous service charge by the dealership were not a true settlement. Although Plaintiff alleges that the discussions were in the nature of giving up a claim in exchange for money, the court finds that it was simply a refund of an overcharge that did not implicate the breach of warranty issues. Bentley did not couch their offer as a settlement, rather they merely offered a refund that would not diminish Plaintiff's claims about the warranty under the Magnuson-Moss Warranty Act ("MMWA") and the Arizona Motor Vehicles Warranty Act ("Arizona Lemon Law"). Bentley simply admitted that the dealership had made a mistake by charging Plaintiff for an annual service that should have been free under the warranty. The parties may testify only that the dealership erroneously charged Plaintiff, and that Bentley offered a refund because of the dealership's mistake. Therefore, Plaintiff's motion is denied.

**II. Plaintiff's Motion in Limine to Exclude Testimony by George Blake (Dkt. 113)**

The Court finds that George Blake is not a proper lay witness under Rule 701. See Fed. R. Evid. 701. Previously this Court had made a ruling about Blake's Affidavit during the summary judgment stage, but the Court only addressed Blake as an expert witness. Bentley now concedes that Blake is not an expert witness and alleges that he is a proper lay witness (Dkt. 129, p. 2). The Court finds that Blake's testimony is not rationally based on his perception because he lacks personal observations to support his inferences. See id. Furthermore, Blake's testimony is not helpful for the jury to determine a fact in issue because the records themselves will be available to the jury. See id. Moreover, Blake would be using specialized knowledge to calculate the days out of service, which would be in the nature of expert testimony. See id. Additionally, Blake's testimony would be cumulative of James Summers. As Bentley claims in its response to this motion, Summers will already explain the invoicing process and why the invoice date does not represent the date the customer took delivery (Dkt. 129, p. 10). Finally, Blake is not a proper summary witness under Rule 1006 because the contents of the service records are not so voluminous that they cannot be conveniently examined in court. See Fed. R. Evid. 1006. Therefore, Plaintiff's motion is granted.

1    Accordingly,

2    **IT IS HEREBY ORDERED** granting in part and denying in part Defendant Bentley
3    Motors, Inc.'s First Motion in Limine RE Testimony of James Wooley (Dkt. 95).  Plaintiff may
4    not use James Wooley as an expert witness, but Plaintiff may use him as a fact witness only.

5    **IT IS FURTHER ORDERED** denying Defendant Bentley Motors, Inc.'s Second Motion
6    in Limine RE Pasquale Venezia's Opinion Regarding Diminution in Value (Dkt. 96).

7    **IT IS FURTHER ORDERED** denying Defendant Bentley Motors, Inc.'s Third Motion
8    in Limine RE Robert Stork (Dkt. 97).

9    **IT IS FURTHER ORDERED** denying Defendant Bentley Motors, Inc.'s Fourth Motion
10   in Limine RE Post-Warranty Repairs (Dkt. 98).

11   **IT IS FURTHER ORDERED** granting in part and denying in part Defendant Bentley
12   Motors, Inc.'s Fifth Motion in Limine RE "Lemon" and "Lemon Law" (Dkt. 99).  Plaintiff may
13   use the term "lemon law," but Plaintiff may not specifically refer to the Arnage as a "lemon."

14   **IT IS FURTHER ORDERED** granting Defendant Bentley Motors, Inc.'s Sixth Motion
15   in Limine to Exclude Evidence of Other Investigations or Cases (Dkt. 100).

16   **IT IS FURTHER ORDERED** denying Defendant Bentley Motors, Inc.'s Seventh
17   Motion in Exclude Evidence of Consequential and Incidental Damages (Dkt. 101).  The Clerk
18   of the Court will note that the docket report incorrectly lists this motion as another motion in
19   limine to exclude evidence of other investigations or cases.

20   **IT IS FURTHER ORDERED** denying Plaintiff's Motion in Limine to Preclude Mention
21   of Disclaimers (Dkt. 107).

22   **IT IS FURTHER ORDERED** denying Plaintiff's Motion in Limine to Preclude Mention
23   of Parties' Settlement Negotiations and Talks (Dkt. 108).

24   **IT IS FURTHER ORDERED** denying Plaintiff's Motion in Limine to Exclude
25   Testimony by James Summers and David Nople (Dkt. 109).

26   **IT IS FURTHER ORDERED** granting in part Plaintiff's Motion in Limine to Preclude
27   Mention of Attorneys' Fees and Information Concerning Plaintiff's Counsel (Dkt. 110) with

28

1 regards to attorneys' fees. With regards to information concerning plaintiff's counsel, the Court
2 has taken this under advisement until the time of voir dire.

3 **IT IS FURTHER ORDERED** denying Plaintiff's Motion in Limine to Exclude
4 Testimony by Rodney Moore (Dkt. 111).

5 **IT IS FURTHER ORDERED** granting in part and denying in part Plaintiff's Motion
6 in Limine to Exclude Testimony by Tom LeClair (Dkt. 112). Tom LeClair may not testify
7 regarding diminution in value.

8 **IT IS FURTHER ORDERED** granting Plaintiff's Motion in Limine to Exclude
9 Testimony by George Blake (Dkt. 113).

10 **IT IS FURTHER ORDERED** that the parties will **jointly** submit a set of proposed jury
11 instructions by **October 31, 2008**.

12 **IT IS FURTHER ORDERED** that the parties will **jointly** submit any objections to
13 proposed exhibits by **October 31, 2008**.

14 **IT IS FURTHER ORDERED** that a continuation of the Final Pretrial Conference will
15 take place on **November 18, 2008** at **10:00 a.m.** before the Honorable Stephen M. McNamee.
16 While the parties are welcome to attend the continuation of the Final Pretrial Conference, their
17 presence is not required.

18 **IT IS FURTHER ORDERED** that a 5-Day Jury Trial is set for **December 9, 2008** at
19 **9:00 a.m.** before the Honorable Stephen M. McNamee.

20 DATED this 9th day of October, 2008.

Stephen M. McNamee
United States District Judge